[Civ. No. 6355. First Appellate District, Division Two.—August 15, 1928.]

In the Matter of the Application of MERRELL E. THOMAS for a Writ of Review. MERRELL E. THOMAS, Appellant, v. BOARD OF OSTEOPATHIC EXAMINERS, etc., et al., Respondents.

Clarence W. Morris and Hugh F. Keon, Jr., for Appellant.

Otis D. Babcock for Respondents.

STURTEVANT, J.—A proceeding was commenced before the Board of Osteopathic Examiners to obtain a judgment revoking the certificate and license of the petitioner authorizing him to practice osteopathy. It was alleged that the petitioner had violated the provisions of subdivision 12, section 14, chapter 354, of the Statutes of 1913. Thereafter the Board of Osteopathic Examiners held a trial. Evidence, both oral and documentary, was introduced and the matter was submitted to the board for its determination. The board made findings against this petitioner and caused to be entered in its records an order revoking the license of the petitioner. Thereafter the petitioner applied to the superior court for a writ of review. An alternative writ

was issued and thereafter a full hearing was had on said application. The trial court denied the petitioner a peremptory writ and affirmed the proceedings had before the Board of Osteopathic Examiners. From the judgment of the trial court the petitioner has appealed.

In his brief he has set forth apparently a transcript of the proceedings had before the Board of Osteopathic Examiners. Having done so he argues that the evidence is not such testimony as would be received in a court of law; that one of the witnesses had made inconsistent statements; and that apparently adverse evidence was fully explained. Thereupon the petitioner claims that the trial court erred. The record shows no error whatever on the part of the trial court. The petitioner contends that there was no evidence before the Board of Osteopathic Examiners supporting the jurisdictional facts; that the trial court should have so held; and that there is no evidence in the record upholding the implied findings by the trial court that there was such evidence before the Board of Osteopathic Examiners. The contention cannot be sustained. The basic statute is chapter 354 of the Statutes of 1913. Section 14 was amended by chapter 598 of the Statutes of 1921. Among other things, section 14 deals with what is unprofessional conduct and authorizes the revocation of a license for the violation of the provisions of the statute. Subdivision 12 of section 14, as so amended, is as follows: "The employment of 'cappers' or 'steerers' or other persons in procuring practice for a practitioner for a system or mode of treating the sick or afflicted provided for in this Act." The provisions of that statute were carefully pleaded in a complaint filed before the Board of Osteopathic Examiners. A reading of the transcript of proceedings shows that there was an abundance of evidence before the board sustaining every allegation contained in the complaint. The findings made by the trial court are sustained by the evidence.

The judgment is affirmed.

Nourse, J., and Buck, P. J., *pro tem.*, concurred.